# EXHIBIT B

# 777 PARTNERS DEFERRED CASH PLAN
# AWARD AGREEMENT

| Participant: | Scott Sidell |
|---|---|
| Grant Date: | December 31, 2020 |
| Award: | $2,310,000 |
| Base Date: | August 2017 |

777 Partners LLC, a Delaware limited liability company (the "Company"), pursuant to the 777 Partners Deferred Cash Plan (the "Plan"), hereby grants an award of the amount specified above the (the "Award") to the individual named above (the "Participant").

1. **Definitions**. Capitalized terms used but not otherwise defined in this Award Agreement (this "Agreement") shall have the respective meanings ascribed to such terms in the Plan.

2. **Grant**. Subject to the conditions set forth in the Plan and this Agreement, the Company grants to the Participant an Award in the amount specified above.

3. **Vesting**. The Participant shall become vested in the Participant's Award, in four (4) equal annual installments, on each anniversary of the Base Date prior to the Participant's Termination of Service, provided that, if a Change in Control should occur prior to the Participant's Termination of Service, then subject to Section 4, the Participant shall become vested in the unvested portion of the Award.

4. **Forfeiture**.

(a) Except as otherwise set forth herein, upon the Participant's Termination of Service for any reason, the Participant shall forfeit any portion of the Award with respect to which the Participant has not yet become vested.

(b) If, prior to the one (1) year anniversary of the Grant Date, the Participant's Termination of Service occurs for any reason other than due to the Participant's death or Disability, the Participant shall forfeit automatically, without consideration, the entire Award, including any portion of the Award in which the Participant had previously become vested.

(c) Upon a Participant's Termination of Service due to the Participant's death or Disability, the Participant shall become vested in the portion of the Award that would have vested on the next anniversary of the Base Date.

(d) Upon the Participant's Termination of Service for by the Company for Cause or in the event of a Participant's Restrictive Covenant Breach, the Participant shall forfeit automatically, without consideration, the Award, including any portion of the Award in which the Participant had previously become vested.

5.      **Award Settlement**.  Subject to Sections 4 and 7, the Award shall be paid to the Participant, in cash, in five installments on each anniversary of the Base Date in accordance with the table below:

| Payment Date (Anniversary of Base Date) | Percentage of Award |
|---|---|
| 5-Year Anniversary | 10% |
| 6-Year Anniversary | 15% |
| 7-Year Anniversary | 20% |
| 8-Year Anniversary | 25% |
| 9-Year Anniversary | 30% |

Each payment shall be made within ten (10) days following the applicable Payment Date; provided that, in the event of the Participant's death, any unpaid portion of the Award shall be paid to the Participant's estate in a single cash lump sum within ninety (90) days following the Participant's death; provided further that, upon a Change in Control, any unpaid portion of the Award shall be paid in its entirety within ninety (90) days following such Change in Control.

6.      **Transferability**. The Award shall not be assigned, alienated, pledged, attached, sold or otherwise transferred or encumbered by the Participant other than by will or by the laws of descent and distribution or, subject to the consent of the Administrator, pursuant to a DRO.

7.      **Withholdings**.  The Company or any of its subsidiaries shall have the authority and the right to deduct or withhold, or require the Participant to remit to the Company, an amount sufficient to satisfy federal, state, local and foreign taxes (including the Participant's Federal Insurance Contributions Act obligation) required by law to be withheld with respect to any taxable event concerning the Participant arising as a result of this Agreement.

8.      **Incorporation by Reference**. The terms and provisions of the Plan are incorporated herein by reference, and the Participant hereby acknowledges receiving a copy of the Plan and represents that the Participant is familiar with the terms and provisions thereof. The Participant accepts this Award subject to all of the terms and conditions of the Plan. In the event of a conflict or inconsistency between the terms of the Plan and the terms of this Agreement, the Plan shall govern and control.

9.      **Captions**. The captions in this Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning of terms contained herein.

10.     **Entire Agreement**. This Agreement together with the Plan, as either of the foregoing may be amended or supplemented in accordance with their terms, constitutes the entire agreement and understanding of the parties hereto with respect to the subject matter contained herein and therein, and supersedes all prior communications, representations and negotiations in respect thereto.

11.     **Successors and Assigns**. The terms of this Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors and permitted assigns. The Participant may not assign any of the rights or obligations under this Agreement without the

prior written consent of the Company. The Company may assign its rights and obligations to another entity which will succeed to all or substantially all of the assets and business of the Company.

12. **Amendments and Waivers**. Subject to the provisions of the Plan, the provisions of this Agreement may not be amended, modified, supplemented or terminated, and waivers or consents to departures from the provisions hereof may not be given, without the written consent of each of the parties hereto.

13. **Severability**. In the event that any provision of this Agreement shall be held illegal or invalid for any reason, such illegality or invalidity shall not affect the remaining parts of this Agreement, and this Agreement shall be construed and enforced as if the illegal or invalid provision had not been included.

14. **Signature in Counterparts**. This Agreement may be signed in counterparts, each which shall constitute an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

15. **Notices**. Any notice required to be given or delivered to the Company under the terms of the Plan or this Agreement shall be in writing and addressed to the General Counsel and the Secretary of the Company at its principal corporate offices. Any notice required to be given or delivered to the Participant shall be in writing and addressed to the Participant at the address listed in the Company's personnel files or to such other address as the Participant may designate in writing from time to time to the Company. All notices shall be deemed to have been given or delivered upon: personal delivery, three days after deposit in the United States mail by certified or registered mail (return receipt requested), one business day after deposit with any return receipt express courier (prepaid), or one business day after transmission by facsimile.

16. **Governing Law**. This Agreement shall be administered, interpreted and enforced under the internal laws of the State of Delaware without regard to conflicts of law thereof.

17. **Waiver of Jury Trial**. THE PARTIES HERETO HEREBY WAIVE, TO THE EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY LITIGATION IN ANY COURT WITH RESPECT TO, IN CONNECTION WITH, OR ARISING OUT OF THIS AGREEMENT OR THE VALIDITY, INTERPRETATION OR ENFORCEMENT HEREOF. THE PARTIES HERETO AGREE THAT THIS SECTION IS A SPECIFIC AND MATERIAL ASPECT OF THIS AGREEMENT AND WOULD NOT ENTER INTO THIS AGREEMENT IF THIS SECTION WERE NOT PART OF THIS AGREEMENT.

18. **No Employment Rights**. The Participant understands and agrees that this Agreement does not impact in any way the right of the Company or its subsidiaries to terminate or change the terms of the employment of the Participant at any time for any reason whatsoever, with or without cause, nor confer upon any right to continue in the employ of the Company or any of its subsidiaries.

[Signature page follows]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the first date set forth above.

**777 PARTNERS LLC**

By: *Steven W. Pasko*
Name: Steven Pasko
Title: Managing Partner

**PARTICIPANT:**

*[signature]*
Name: Scott Sidell

DOC ID - 35752999.1